UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WILLIAM HENRY STARRETT, JR., §
    Plaintiff, §
v. § No. 3:17-CV-00988-D
LOCKHEED MARTIN §
CORPORATION, et al., §
    Defendants. §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the district court has referred Defendants Lawrence Livermore National Security, LLC's Motion to Dismiss or Alternative Motion to Quash [ECF No. 9] and Sandia Corporation's Motion to Dismiss or Alternative Motion to Quash [ECF No. 10] to the United States Magistrate Judge Paul D. Stickney for determination or recommendation. *See* Order of Reference 1, ECF No. 12. For the following reasons, the district court should **GRANT** Defendants' Alternative Motions to Quash pursuant to Federal Rule of Civil Procedure 12(b)(5).

**Background**

William Starrett ("Plaintiff"), appearing *pro se*, filed this suit on April 7, 2017, against fourteen defendants including Lawrence Livermore National Security, LLC ("LLNS") and Sandia Corporation ("Sandia") alleging seventy three different claims and/or violations. *See* Compl. 50-145 ¶¶ 276-731, ECF No. 2; *see also* Def.'s Mot. 2, ECF No. 9 (citing allegations in Plaintiff's Complaint against LLNS); Def.'s Mot. 2, ECF No. 10 (citing same against Sandia). Due to the length and unclear allegations contained in Plaintiff's 149 page Complaint, the Court only addresses Plaintiff's claims against Defendants LLNS and Sandia. In short, Plaintiff alleges that LLNS and Sandia "provided technology to other entities and government agencies . . . and then those entities and government agencies used that technology against him." Def.'s Mot. 6, ECF No. 9; Def.'s Mot. 9, ECF No. 10. Defendants move pursuant to Federal Rules of Civil Procedure

1

("Rule" or "Rules") 12(b)(4), 12(b)(5), and 12(b)(6) for the Court to dismiss Plaintiff's Complaint or alternatively quash Plaintiff's attempted service of process. Def.'s Mot. 2, ECF No. 9; Def.'s Mot. 2, ECF No. 10. Upon consideration of the parties' briefs and the relevant law, the Court finds that these motions are ripe for determination.

## Legal Standard

A motion filed pursuant to Rule 12(b)(5) seeks dismissal of the action based on insufficient service of process. *Quinn v. Miller*, 470 Fed. App'x 321, 323 (5th Cir. 2012). Once such a motion has been filed, the party serving process has the burden of establishing its validity. *Id.* (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). If the serving party fails to meet his burden, the district court can exercise its discretion and quash the service and dismiss without prejudice all claims against the improperly-served defendant. *See Gartin v. Par Pharm. Cos., Inc.*, 289 Fed. App'x 688, 691-92 (5th Cir. 2008).

## Analysis

In accordance with Rule 12(b)(5), insufficient service of process is a grounds for dismissal. FED. R. CIV. P. 12(b)(5). Rule 4(c)(1) requires that the plaintiff serve the summons and a copy of the complaint upon the defendant(s). FED. R. CIV. P. 4(c)(1). "For a federal court to have personal jurisdiction over a defendant, the defendant must have been served with process in accordance with Rule 4." *Dunlap v. City of Fort Worth*, No. 4:13-CV-802-O, 2014 WL 1677680, at *2 (N.D. Tex. 2014) (quoting *Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983)). Defendants are both corporations within a judicial district of the United States, thus service of process is governed by Rule 4(h). FED. R. CIV. P. 4(h). Rule 4(h) provides that the plaintiff may effectuate service of process upon a corporation by: (1) following the methods provided by the law of the state in which the district court is located or the state in which service is made, or (2) delivering a copy of the

summons and complaint to an officer, managing or general agent, or any agent authorized by appointment or by law to receive service of process. *Id.*

Here, Plaintiff attempted to serve Defendants LLNS and Sandia through certified mail. *See* Proof of Service 2-3, ECF No. 6. Although mail service is not directly authorized by the Federal Rules of Civil Procedure, Rule 4(e)(1) authorizes service under the laws of the state in which the district court sits or where service is made. FED. R. CIV. P. 4(e)(1). Accordingly, Plaintiff may execute service of process pursuant to Texas law. The Texas Rules of Civil Procedure authorize service, by a person authorized under Texas Rule 103, via certified or registered mail. TEX. R. CIV. P. 106(a)(2). Texas Rule 103 explicitly requires that process be served by "(1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." TEX. R. CIV. P. 103. The rule further states that service by certified mail must be effected by the clerk of the court, if requested, and under no circumstances can an interested party serve process in the suit. *Id.*; *see also* Order 1, ECF No. 42. Upon amendment of the relevant rules, federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized persons in Rule 103 can serve process by certified mail. *See Willis v. Lopez*, No. 3:10-CV-154-M, 2010 WL 4877273, at *1-2 (N.D. Tex. 2010); *Isais v. Marmion Indus. Corp.*, No. H-09-3197, 2010 WL 723773, at *3 (S.D. Tex. 2010); *Dunlap*, 2014 WL 1677680, at *3.

The clerk of the court did not serve process through certified mail in this action. In fact, Plaintiff admits he merely sent the Complaint by certified mail himself. Pl.'s Resp. 3 ¶ 4, ECF No. 13; Pl.'s Resp. 2 ¶ 4, ECF No. 14. Furthermore, when certified mail has been selected as the method of service, Texas law requires that the return receipt be signed by the addressee. TEX. R. CIV. P. 107(c); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied).

3

Since Plaintiff attempted to serve process via certified mail under Texas law, as allowed by Federal Rule 4(e)(1), he was bound to comply with all of the requirements of Texas law. *See Isais*, 2010 WL 723773, at *3 ("Plaintiff attempted to serve the defendants by certified mail. Such service is only valid if it complies with Texas law."). As outlined above, he did not. Plaintiff did not comply with Texas Rule 103 because he failed to utilize the clerk of the court or an authorized or certified process server. Plaintiff has failed to meet his burden of establishing the validity of service of process. Plaintiff must serve the parties as provided by Federal Rule of Civil Procedure 4(h) or Texas law. "[A] district court has discretion to quash defective service of process and provide a plaintiff another opportunity to effect proper service of process." *Williams v. Air-France-KLM, S.A.*, No. 3:14-CV-1244-B, 2014 WL 3626097, at *5 (N.D. Tex. 2014) (citation omitted); *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959) (explaining that dismissal is only appropriate if "there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant" and should not be granted when the plaintiff has only made one attempt at service of process); *Comstock v. City of Balch Springs*, No. 3:17-CV-344-B, 2017 WL 2791113, at *2 (N.D. Tex. May 18, 2017), *R. & R. adopted*, No. 3:17-CV-344-B, 2017 WL 2778117 (N.D. Tex. June 26, 2017). Accordingly, the Court recommends that the district court should quash Plaintiff's attempted service of process and allow Plaintiff to properly serve both Defendants within thirty days of the entry of the court's acceptance of this recommendation. The Court, therefore, also recommends that the district court deny Defendants' Motions to Dismiss pursuant to Rule 12(b)(6) without prejudice and allow Defendants to re-file their motions once Plaintiff has effectuated proper service.

## **RECOMMENDATION**

For the foregoing reasons, this Court recommends that the district court should **GRANT** Defendant Lawrence Livermore National Security, LLC's Alternative Motion to Quash [ECF No.

9] and Defendant Sandia Corporation's Alternative Motion to Quash [ECF No. 10]. The Court recommends that the district court **QUASH** Plaintiff's service of process upon Lawrence Livermore National Security, LLC and Sandia Corporation and order Plaintiff to effectuate proper service of process within thirty days of the court's acceptance of these findings. The Court recommends that the district court **DENY** Defendants' Motions to Dismiss pursuant to Rule 12(b)(6) without prejudice and allow Defendants to re-file them once Plaintiff has effectuated proper service of process.

**SO RECOMMENDED**, this _16_ day of August, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).