IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM HENRY STARRETT, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:17-CV-0988-D |
| | § | |
| LOCKHEED MARTIN CORPORATION, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff William Henry Starrett, Jr.'s ("Starrett's") February 6, 2018 motion for a temporary restraining order ("TRO") is denied.*

"To obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Wright*, 1993 WL 13044458, at *1 (N.D. Tex. June 15, 1993) (Fitzwater, J.); *see also, e.g., Asadoorian v. Travis*, 2011 WL 2224984, at *1 (D. Mass. June 7, 2011) ("The same four-factor test for preliminary injunctions also has been extended to temporary restraining orders."). A TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief," and requires the party seeking such relief to establish the same four elements for obtaining a preliminary injunction. *Lee v. Verizon Commc'ns, Inc.*, 2012 WL 6089041, at *1 n.2 (N.D. Tex. Dec. 7, 2012) (Fitzwater, C.J.) (quoting *Hassani v. Napolitano*, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009) (Fitzwater, C.J.)). Therefore,

---

*Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Starrett must establish four elements to obtain the requested TRO: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm to him if the TRO is not granted, (3) that the threatened harm outweighs any damage that the TRO might cause the opposing parties, and (4) that the TRO will not disserve the public interest. *See, e.g., Jones v. Bush*, 122 F.Supp.2d 713, 718 (N.D. Tex. 2000) (Fitzwater, J.) (addressing preliminary injunction standard) (citing *Ruscitto v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 777 F. Supp. 1349, 1353 (N.D. Tex. 1991) (Fitzwater, J.), *aff'd*, 948 F.2d 1286 (5th Cir. 1991) (per curiam) (unpublished table decision)), *aff'd*, 244 F.3d 134 (5th Cir. 2000) (per curiam) (unpublished table decision).

"The decision whether to grant a preliminary injunction is within the discretion of the court, but it is an extraordinary remedy that should only be granted if the movant has clearly carried its burden." *John Crane Prod. Solutions, Inc. v. R2R & D, LLC,* 861 F.Supp.2d 792, 794 (N.D. Tex. 2012) (Fitzwater, C.J.) (citing *Miss. Power & Light Co. v. United Gas Pipe Line,* 760 F.2d 618, 621 (5th Cir. 1985)). "A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" *Jones*, 122 F.Supp.2d at 718 (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989); *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). "The decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Miss. Power & Light*, 760 F.2d at 621.

The court finds and concludes from the record and arguments that Starrett has presented that he has failed to clearly carry his burden of establishing a substantial likelihood of success on the merits. Because Starrett has not satisfied one of the four essential requirements, "the court need not

address the remaining three factors." *Lee,* 2012 WL 6089041, at *6. Accordingly, Starrett's February 6, 2018 motion for a TRO is denied.

**SO ORDERED**.

February 6, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE