IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM HENRY STARRETT, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:17-cv-00988-D-BT |
| | § | |
| LOCKEED MARTIN | § | |
| CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court in this *pro se* civil rights action are three motions to

dismiss filed by: (1) Defendant Lockheed Martin Corporation ("Lockheed")

(ECF No. 17); (2) Defendants United States Army, United States Army

Special Operations Command, United States Army Civil Affairs &

Psychological Operations Command, United States Army Reserve

Command, United States Special Operations Command, United States

Department of Defense, Defense Advanced Research Project Agency,

United States Department of Energy, and National Nuclear Security

Administration (collectively, the "Federal Defendants") (ECF No. 20); and

(3) Texas Military Department ("TXMIL") (ECF No. 56). For the reasons

stated, the Court recommends that the District Court GRANT Defendants'

Motions and DISMISS Plaintiff's claims without prejudice.

## Background

On April 7, 2017, Plaintiff William Henry Starrett, Jr., proceeding

*pro se*, filed this lawsuit asserting claims against the United States

government and several large corporations for violations of the United

States Constitution and numerous federal civil and criminal laws; violations

of the Texas Constitution, Texas Penal Code, and Texas Business and

Commerce Code; copyright infringement; fraud, conspiracy to commit

fraud, false imprisonment, and invasion of privacy; and tortious

interference, gross negligence, and strict liability. Pl.'s Compl. 1, 50, 55, 56,

63, 74, 76–79, 85–88, 107, 111–145 (ECF No. 2). By his Complaint, which is

149 pages long, Plaintiff asserts 73 distinct causes of action based on

allegations that Defendants conspired to forcefully use him as a test subject

for military exercises and mind experiments. Pl's Compl. 2, 8–12, 18–23

(ECF No. 2).  Plaintiff alleges that Defendants targeted him with a "Remote

Neural Monitoring" system that uses "electro-optical energy like lasers to

measure brain activity and sensory nerve impulses," harassed him using

"Voice to Skull" technology to broadcast sounds, images, and voices directly

to his brain, and otherwise remotely monitored and controlled his

thoughts, movements, sleep, and bodily functions. Pl's Compl. 8 ¶ 27–30

(ECF No. 2).

The following allegations are representative of Plaintiff's Complaint:

- This civil action arises out of intentional inflictions of emotional distress, invasions of privacy, forced involvement, thefts, appropriations, and conversions ongoing twenty-four hours per day, seven days per week, and continuing to date. Pl.'s Compl. 2, ¶ 2;

- Plaintiff's life was threated by voices not imagined, but sensed more than heard, while his body felt constantly probed, and a constant stream of echoing electronic, synthesized sounds bombarded him. *Id.* at 8, ¶ 26;

- The United States Army Psychological Operations personnel initiated confrontations, causing Plaintiff to endure invisible but inwardly perceptible voice harassment technologies, delivery of subliminal hypnotic suggestion without consent, electronically induced nausea, and pressure-like sensations. *Id.* at 9 ¶ 33;

- Every time Plaintiff departed or returned from his home, United States Army Psychological Operations personnel and Lockheed Martin Staff received text messages on their mobile devices to alert them. *Id.* at   9 ¶ 35;

- Plaintiff was being taunted about group messages detailing activities and habits, including private conversation details and explicit bodily function. *Id.* at 10, ¶ 36;

- Plaintiff was kept by Defendants as an experiment test subject, and he is continually forced to assist

and supply the Defendants with development of trainings, batteries, scripts, procedures, knowledge bases, and expert systems. *Id*. at 10, ¶ 37;

- Defendants subject Plaintiff to aggressor-controlled cycles of sleep, brutal surprise experiments, electronically imposed hallucinations, stimulation of deeply negative emotions, and activating wildly atypical bodily experiences. *Id*. at 11, ¶ 40;

- Plaintiff was told by his remote harassers that Defendant US Army had been performing military surveillance of Plaintiff's goings for months as he was a target for Defendant US Department of Defense's sanctioned "Jade Helm 15" exercises. *Id*. at 15, ¶ 60;

- United States Army Psychological Operations personnel remotely monitored and utilized voice harassment systems against the peace of Plaintiff's home, heart, and mind, ignoring his needs, protests, surrender, and denial of consent. *Id*. at 18 ¶ 74.

Based on this alleged conduct, Plaintiff asserts claims for violations of his constitutional rights, as well as claims under federal and state criminal statutes, claims for various intentional torts, negligence, theft of trade secrets, and products liability. Plaintiff seeks a minimum award of $90 billion. *Id*. at 148.

Defendants have filed separate motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(5), and (12)(b)(6). All the Defendants take issue with the fantastic and delusional nature of Plaintiff's factual allegations. Defendants contend that Plaintiff's allegations are so wholly without merit,

and Plaintiff's claims should be dismissed for lack of subject matter jurisdiction, or for failure to state a viable claim for relief. Lockheed and TXMIL also argue Plaintiff's claims should be dismissed for insufficient service of process, because Plaintiff attempted to effect service by mailing the Complaint himself. Finally, Defendants contend certain of Plaintiff's claims fail as a matter of law. For example, Lockheed and TXMIL argue that Plaintiff's claims for violations of criminal law fail because there is no private right of action for violations of a criminal statute. Lockheed also argues that, to the extent Plaintiff asserts constitutional claims against it, those claims fail because Lockheed is not a government actor. The Federal Defendants argue that Plaintiff's claims against them fail because there is no subject matter jurisdiction under the Federal Tort Claims Act or *Bivens* for claims against federal agencies. Plaintiff filed a response to each motion. The issues have now been fully briefed, and the matter is ripe for determination.

## Legal Standards and Analysis

### Dismissal pursuant to Rules 12(b)(1) and 12(b)(6)

Lockheed, the Federal Defendants, and TXMIL all move to dismiss Plaintiff's claims on the ground that the allegations in his Complaint are factually frivolous, irrational, and delusional. *See* Lockheed's Br. 3–4 (ECF

No. 17); Fed. Defs.' Br. 1 (ECF No. 21); TXMIL's Br. 7–8 (ECF No. 56).
Lockheed and TXMIL contend that Plaintiff's allegations are so bizarre and
fantastic as to be absolutely without merit and subject to dismissal under
Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Lockheed's
Br. 3–4 (ECF No. 17); TXMIL's Br 7–8. (ECF No. 56). Lockheed and
TXMIL also contend that Plaintiff's allegations lack an arguable basis in
fact, and, thus, must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure
to state a claim. Lockheed's Br. 6–7 (ECF No. 17); TXMIL's Br. 8–10 (ECF
No. 56). The Federal Defendants similarly argue that Plaintiff's claims are
facially implausible and must be dismissed under Fed. R. Civ. P. 12(b)(6).
Fed. Defs.' Br. 5–6 (ECF No. 21). The Court agrees that Plaintiff's
allegations are factually frivolous and that dismissal is warranted.

A federal court may dismiss a complaint for lack of subject matter
jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) when the allegations within
the complaint "are so attenuated and unsubstantial as to be absolutely
devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly
unsubstantial, . . . or no longer open to discussion." *Hagans v. Lavine*, 415
U.S. 528, 536-37 (1974). Moreover, Fed. R. Civ. P. 12(b)(6) allows a federal
court to dismiss a complaint for failure to state a claim upon which relief
can be granted. Dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is

appropriate if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must allege enough facts to move the claim "across the line from conceivable to plausible." *Id.* Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Rule 12(b)(6) does not allow a court to dismiss a plaintiff's complaint merely because the court does not believe the plaintiff's factual allegations. However, dismissal may nonetheless be appropriate when the facts set forth in the complaint are clearly baseless because they are fanciful, fantastic, or delusional. *See e.g. Mason v. AT & T Servs., Inc.*, 2014 WL 804019, at *2 (N.D. Tex. Feb. 28, 2014) (Fitzwater, J.) (finding fantastic, delusional, and factually frivolous claims that plaintiff's employer was playing audible sounds and noises in an attempt to make her quit, intercepting her telephone and internet activity in retaliation, and spying on her and her family members' houses with cameras and audio equipment and allowing others to watch and listen and dismissing such claims under 28 U.S.C. § 1915(e)); *Patterson v. U.S. Government*, 2008 WL 5061800 (N.D. Tex. Nov. 25, 2008) (same as to allegations that plaintiff received

messages through the television to return to her husband, that she was being tracked by a remote control bracelet and that someone at a family crisis center threatened to put her in a dungeon); *Jackson v. Johnson*, 2005 WL 1521495 (N.D. Tex. June. 25, 2005) (same as to allegations that FBI conspired with state and local police to invade plaintiff's privacy through "highly sophisticated surveillance techniques, computerized mind control, and satellite weaponry).

In this case, Plaintiff generally alleges a conspiracy between the defendants to remotely control his brain and body causing him distress. The Court has little difficulty concluding that Plaintiff's claims are patently frivolous and should be dismissed for lack of subject matter jurisdiction. Alternatively, the Court concludes that the facts set forth in the Complaint are clearly baseless because they are fanciful, fantastic, or delusional. Plaintiff has therefore failed to state a claim for relief against any of the defendants, and his claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## Dismissal pursuant to Rule 12(b)(5)

Lockheed and TXMIL are also entitled to dismissal of Plaintiff's claims against them for insufficient service of process, pursuant to Fed. R.

Civ. P. 12(b)(5).[1] The Federal Rules of Civil Procedure require that the plaintiff serve the summons and a copy of the complaint upon the defendants. FED. R. CIV. P. 4(c)(1). A district court may dismiss a case without prejudice under Federal Rule of Civil Procedure 4(m) if the plaintiff fails to effectuate service on defendants within ninety days of filing the complaint.

Here, Plaintiff attempted to serve all Defendants himself through certified mail, on April 13, 2017. *See* Proof of Service 2-3, ECF No. 6. Although mail service is not directly authorized by the Federal Rules of Civil Procedure, Rule 4(e)(1) authorizes service under the laws of the state in which the district court sits or where service is made. FED. R. CIV. P. 4(e)(1). Accordingly, Plaintiff may execute service of process pursuant to Texas law. The Texas Rules of Civil Procedure authorize service, by a person authorized under Texas Rule 103, via certified or registered mail. TEX. R. CIV. P. 106(a)(2). Texas Rule 103 explicitly requires that process be served by:

   (1)   any sheriff or constable or other person authorized by law;

   (2)   any person authorized by law or by written order of the court who is not less than eighteen years of age; or

---

[1] In a footnote, the Federal Defendants assert that Plaintiff failed to satisfy the Fed. R. Civ. P. 4(i) service requirements, but they did not argue that Plaintiff's claims should be dismissed for insufficient service of process.

(3)     any person certified under order of the Supreme Court.

TEX. R. CIV. P. 103. The rule further states that service by certified mail must be effected by the clerk of the court, if requested, and under no circumstances can an interested party serve process in the suit. *Id.* Federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized persons in Rule 103 can serve process by certified mail. *See Willis v. Lopez*, 2010 WL 4877273, at *1-2 (N.D. Tex. 2010); *Isais v. Marmion Indus. Corp.*, 2010 WL 723773, at *3 (S.D. Tex. 2010); *Dunlap*, 2014 WL 1677680, at *3.

In this case, Plaintiff attempted to serve process via certified mail under Texas law, as allowed by Fed. R. Civ. P. 4(e)(1). However, Plaintiff did not request that service be effected by the clerk of court or an authorized or certified process server. Instead, Plaintiff admits he himself sent Defendants a copy of the Complaint by certified mail. Pl.'s Resp. 18 ¶ 7 (ECF No. 18). Plaintiff's attempt at service is thus invalid because it did not comply with Texas law. *See Isais*, 2010 WL 723773, at *3 ("Plaintiff attempted to serve the defendants by certified mail. Such service is only valid if it complies with Texas law.").

"[A] district court has discretion to quash defective service of process and provide a plaintiff another opportunity to effect proper service of

process." *Williams v. Air-France-KLM, S.A.*, 2014 WL 3626097, at *5 (N.D. Tex. 2014) (citation omitted); *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959) (explaining that dismissal is only appropriate if "there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant" and should not be granted when the plaintiff has only made one attempt at service of process); *Comstock v. City of Balch Springs*, 2017 WL 2791113, at *2 (N.D. Tex. May 18, 2017), *rec. adopted*, 2017 WL 2778117 (N.D. Tex. June 26, 2017). Plaintiff has been warned multiple times that he must properly effectuate service upon the Defendants. *See* Orders, ECF Nos. 42, 59, 97. A number of defendants have already been dismissed due to Plaintiff's failure to properly effectuate service. *Id.* Accordingly, because the District Court has ordered Plaintiff multiples times to properly serve Defendants, and Plaintiff has failed to do so, service should be quashed and Lockheed and TXMIL should be dismissed from the lawsuit.[2]

### RECOMMENDATION

For the reasons discussed above, the Court recommends that the Motions to Dismiss filed by Defendant Lockheed Martin Corporation (ECF No. 17), Defendants United States Army, United States Army Special

---

[2] The Court's resolution of Defendants' arguments for dismissal based on the frivolous nature of Plaintiff's factual allegations and Plaintiff's failure to properly effect service of process pretermits the need to reach Defendants' additional arguments for dismissal.

Operations Command, United States Army Civil Affairs & Psychological

Operations Command, United States Army Reserve Command, United

States Special Operations Command, United States Department of Defense,

Defense Advanced Research Project Agency, United States Department of

Energy, and National Nuclear Security Administration (ECF No. 20), and

Texas Military Department (ECF No. 56) be GRANTED. The District Court

should DISMISS without prejudice Plaintiff's claims against these

Defendants.

SO RECOMMENDED.

Dated: March 9, 2018.

_____

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).